UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JUSTIN DAVID KYLE                                                        PLAINTIFF

v.                                             CIVIL ACTION NO. 4:11CV-P92-M

DEPUTY HICKS et al.                                         DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Justin David Kyle, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiff is incarcerated at the Daviess County Detention Center (DCDC). He sues in their individual and official capacities DCDC Deputy Hicks and Corporal Chad Payne. He also sues DCDC Sergeant Ken Elschide, but he does not indicate in which capacity. In his first claim, Plaintiff states that on July 15, 2011, he was "purposely placed in immediate danger when inmate Chad Smith was placed in the same cell" as Plaintiff after Plaintiff had reported both orally and in written form to DCDC staff members explaining his conflicts with inmate Smith which arose after inmate Smith stole his property. In particular, he states that he wrote grievances to the DCDC Jailer explaining his conflict with inmate Smith and that he wrote Defendant Elschide "several miscellaneous and grievances with my conflict with Chad Smith which stemmed from an earlier incident on June 18th 2011 when Chad Smith stole my property in cell B-133 here at DCDC." Plaintiff also states that he spoke about this conflict with two

deputies in front of Defendant Elschide on June 19, 2011.

In his second claim, Plaintiff states that later on July 15, 2011, he explained his

> beliefs and was ruffed up and drug up front by Cpl. Chad Payne, Deputy Hill sprayed me with mace, and the Cpl. Hicks placed me in shackels and chained me to a floor grate in a drunk tank behind booking. This cruel and unusual punishment was worse than anything I've ever experienced. Chained, handcuffed and ankle cuffs retraining me in a disfigured nature on the floor. Cpl. Hicks gave the orders to restrain me in such an inhuman way. Deputy Hill restrained me in such a manner and Cpl. Payne allowed it.

As relief, Plaintiff wants monetary and punitive damages and injunctive relief in the form of an immediate transfer out of DCDC.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Official-capacity claims*

Plaintiff does not indicate in which capacity he sues Defendant Elschide. Because Plaintiff references Defendant Elschide in the context of his official position, the claim will be construed as brought against Defendant Elschide in his official capacity. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (where § 1983 plaintiff fails to affirmatively plead capacity in the complaint, the Court looks to the course of proceedings to determine whether the Sixth Circuit's concern about notice to the defendant has been satisfied). Plaintiff also sues Defendants Hicks and Payne in their official capacities.

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the employees of DCDC in their official capacities are actually brought against Daviess County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts

of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff has not alleged a policy or custom that was the moving force of the alleged constitutional violations. His official-capacity claims will be dismissed by separate Order.

### *Individual-capacity claims*

On review, the Court will allow Plaintiff's individual-capacity claims against Defendants Hicks and Payne to proceed for further development. In permitting those claims to proceed, the Court passes no judgment on the ultimate outcome of the action. The Court will enter a separate

4

Scheduling Order to govern the development of the remaining claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Daviess County Attorney
4414.009