UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JUSTIN DAVID KYLE                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 4:11CV-P92-M

DEPUTY HICKS et al.                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court are a number of motions filed by Plaintiff, Justin David Kyle.  Each will be considered below.

### *Motions to reinstate official-capacity claims (DNs 15 and 24)*

On initial review, the Court found that because Plaintiff had not alleged that a custom or policy was the moving force behind the alleged constitutional violations, his official-capacity claims must be dismissed.  In his first motion to reinstate his official-capacity claims, Plaintiff argues:  "Without official capacity the Defendants could not act in such cruel and inhumane ways.  To chain a man . . . in such a disfigured way and against his . . . will is a serious crime against humanity. . . So, the Plaintiff begs this court to reinstate the claims against Defendants official capacity."  In response (DN 21), Defendants argue that Plaintiff has not established that a policy or custom of Daviess County Detention Center (DCDC) was the moving force behind the alleged constitutional violations.

Plaintiff has filed another motion to reinstate his official-capacity claims, in which he argues that a facility such as DCDC must keep inmates and staff safe and secure and that the staff at DCDC failed to do that by placing Plaintiff and Chad Smith in the same cell.  Plaintiff asserts that it was known to the DCDC staff that placing Chad Smith in Plaintiff's cell would

endanger Plaintiff and others.

     As the Court explained on initial review, "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).   The plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").       Plaintiff's motions have not alleged a policy or custom that was the moving force of the alleged constitutional violations.  Plaintiff's argument that Defendants could not have chained him in such a cruel way without it being a policy is completely conclusory and speculation.  It does not in a credible way identify a policy of DCDC resulting in the alleged injury.  Plaintiff's assertion that DCDC is supposed to keep inmates and staff safe and failed to do so when Chad Smith was placed in Plaintiff's cell in fact tends to show that the placement of Chad Smith was not done pursuant to a custom or policy.  Accordingly,

     Plaintiff's motions (DNs 15 and 24) are **DENIED**.

*Motion to "suppress evidence/witness" (DN 16)*

Plaintiff asks the Court "to obtain video evidence and written statements by Deputy Hill and Major Billings and all findings by DCDC in reference to events that took place on or about July 15th 2011 at or about 4:00pm to 11:00pm." He asks the Court "to suppress witness and take statements from Deputy Hill, Deputy Johnson as they were present in T-cell when Plaintiff was treated so cruel and unusually . . . ." In response (DN 23), Defendants argue that they believe that Plaintiff has mis-named his motion since it appears that he is actually requesting that information be produced to him. Morever, they assert that Plaintiff's request is moot in that a copy of his inmate file and a copy of the DCDC internal investigation into his allegations were provided to Plaintiff. They state that there are no additional documents or videotapes to be produced. They also assert that his request that witness statements be taken on his behalf is improper since Plaintiff had the opportunity to undertake discovery but did not do so.

The Court finds that Plaintiff is indeed asking that information be produced not suppressed and that his requests are moot in as much as Defendants have stated that the requested information has been turned over to Plaintiff and that there are no additional documents or videotapes to be produced. Moreover, it is Plaintiff's responsibility to seek witness testimony through discovery. Plaintiff's motion (DN 16) is **DENIED**.

***Motion for transfer (DN 17)***

Plaintiff wishes to be transferred away from the Daviess County Detention Center.  Since he filed this motion, however, he has notified the Court that he has been transferred to a different facility.  Plaintiff's motion to transfer (DN 17) is **DENIED as moot**.

Date:

cc:      Plaintiff, *pro se*
         Counsel of record
4414.009

4