UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**JUSTIN DAVID KYLE**                                                                                          **PLAINTIFF**

v.                                                                      CIVIL ACTION NO. 4:11CV-P92-M

**DEPUTY HICKS et al.**                                                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion for summary judgment filed by the remaining Defendants in this action, Timothy Hicks and Chad Payne (DN 31). They argue that they are entitled to summary judgment in their favor because Plaintiff failed to exhaust his administrative remedies; Plaintiff has not shown more than a *de minimis* injury; Defendant Payne cannot be held liable on a theory of supervisory liability; and other grounds. Because the Court will grant the motion on failure to exhaust, the Court will not consider the alternative grounds put forth by Defendants.

I.

Plaintiff sued in their individual and official capacities Daviess County Detention Center (DCDC) Deputy Hicks and Corporal Chad Payne. Plaintiff alleged that on July 15, 2011, he was "purposely placed in immediate danger when inmate Chad Smith was placed in the same cell" as Plaintiff after Plaintiff had reported both orally and in writing to DCDC staff members explaining his conflicts with inmate Smith which arose after inmate Smith stole his property.

In his second claim, Plaintiff asserted that later on July 15, 2011, he "was ruffed up and drug up front by Cpl. Chad Payne," he was sprayed with mace, and "Cpl. Hicks placed [him] in shackels and chained [him] to a floor grate in a drunk tank behind booking." He stated that, "[t]his cruel and unusual punishment was worse than anything I've ever experienced. Chained,

handcuffed and ankle cuffs retraining me in a disfigured nature on the floor." On initial review, the Court allowed Plaintiff's individual-capacity claims against Defendants Hicks and Payne to proceed for further development.

## II.

Because exhaustion of administrative remedies "is a matter in abatement and not generally an adjudication on the merits, the defense of exhaustion . . . should be raised in a motion to dismiss . . .." *Adkins v. Wright*, No. 4:08-CV-P38-M, 2010 WL 290541, at *2 (W.D. Ky. Jan. 21, 2010) (quoting *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotation marks omitted)). Moreover, "[i]n matters of abatement, 'it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.'" *Id.* (quoting *Bryant*, 530 F.3d at 1376); *see also Bradfield v. Corr. Med. Servs.*, No. 1:07-CV-1016, 2008 WL 5685586, at *4 (W.D. Mich. July 3, 2008) ("As a general rule, this court may take judicial notice of documents filed in a state agency proceeding."). The Court will, therefore, consider Defendants' motion for summary judgment with regard to exhaustion as a motion to dismiss.

Prisoner civil-rights cases are subject to the Prison Litigation Reform Act's (PLRA) mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all of the steps of a prison's or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies."

*Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The Supreme Court provided further clarification of the PLRA's exhaustion rule in *Jones v. Bock*, 549 U.S. 199 (2007). The Court struck down the Sixth Circuit's rule which placed the burden on prisoners to plead and prove exhaustion in their complaint, holding instead that failure to exhaust is an affirmative defense. *Jones*, 549 U.S. at 216. The Court further held that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218.

Defendants argue that Plaintiff failed to exhaust his administrative remedies before filing suit. They state that DCDC has a grievance procedure that is not complete until a final decision by Jailer David Osborne. They state that a review of Plaintiff's inmate record reveals that he did not file a grievance related to his being housed with Chad Smith or with regard to his allegations of unconstitutional confinement. They attach the affidavit of Bill Billings, who avers that at the material times he was employed as the DCDC Chief Deputy; that at all pertinent times, DCDC had a grievance procedure through which inmates could file grievances; that he has reviewed the DCDC records; and that there are no grievances filed by Plaintiff of any kind, and specifically none related to him being placed in a cell with inmate Smith or being improperly restrained.

Also attached to their motion is a copy of the DCDC grievance procedure. Under that

3

procedure, an inmate may submit a grievance form to the grievance officer within 48 hours of the incident. Thereafter, the grievance officer has ten business days to conduct an investigation and respond to the inmate. "In any case where the grievance officer does not respond to a filed grievance within ten days, the grievance is deemed denied." Where the inmate is not satisfied with the initial response to the grievance, the inmate may appeal the grievance to the Jailer, and in any case where no response to the appeal is made within ten days, the appeal is deemed denied.

      Plaintiff argues in response with regard to exhaustion:

> There are miscellaneous, medical, and booking computer files since 2005 till late 2011 and yet there are not one 1 (one) grievance filed by myself in these files. I promise the courts that I, the plaintiff filed several grievance forms to Sgt's Elschid, Sgt. Burns, Capt./Major Billings, and the jailor himself/David Osborne. I also promise the court this is a reason a major investigation should be done on Daviess County Detention Center. Because these systems are flawed and corrupt. Let's say you have a grievable matter, so you ask for a grievance the guard may or may not bring you one, if he does you fill it out place it in a grievance envelope and send it out to the deputy. Then he either A) places it in the right box and it gets to the Capt./Major he then sees you have a grievable matter, but wishes not to address for whatever reason and throughs it away. You say, "this can't happen." But there is absolutely no way of proving you filed a grievance. So, then you write DOC but all mail is scanned and they the jailors see that you're the one filing grievances so the[y] trash the letter. P.S. I have no way of proving this. But, I swear to these courts I filed several grievances on this situation which all went unanswered. I even wrote DOC on two separate occasions that went unanswered. The grievance system at DCDC is flawed severally. I did comply with and even told Major Billings himself of the great injustices. I followed the grievance procedures previous to filing suit.

      First, Plaintiff has not offered his affidavit or any other evidence to support this argument. Moreover, even accepting as true Plaintiff's statement that he filed grievances but

4

received no response, it is clear that Plaintiff has not exhausted his administrative remedies. The grievance procedure specifically provides that a grievance that is not responded to may be appealed. Plaintiff asserts that he submitted grievance forms which went unanswered. However, he does not assert that he then requested an inmate Grievance Appeal Form and appealed the unresponded-to grievances, which by operation of the grievance procedure are deemed denied if not responded to within ten business days.

To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must have presented his grievance(s) "through one complete round" of the established grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003) (*overruled in part on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006)). A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Neither may a prisoner abandon the process before completion and then claim that he exhausted his remedies or that it is now futile for him to do so. *See Hartsfield v. Viddor*, 199 F.3d 305, 309 (6th Cir. 1999).

Here, an appeal of his unresponded-to grievances was available, yet Plaintiff did not avail himself of that appeal. Plaintiff has not exhausted his administrative remedies as required by the PLRA.

### III.

Defendants' motion for summary judgment which, with regard to the exhaustion argument, the Court construes as a motion to dismiss (DN 31), is hereby **GRANTED**. The instant action will be dismissed by separate Order.

Date: July 3, 2012

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Counsel of record
4414.009